Pro Se 2 (Rev. 09/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
for the
__Northern__ District of __California__

FILED
SEP 29 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IFP
HJP
a9
DMR

Mendoza, Anthony M

Case No. C16- 5556
*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

High Performance Capital Inc
Garcia, Ramon
Abrega, Yadira

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

## COMPLAINT AND REQUEST FOR INJUNCTION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Anthony M. Mendoza |
| Street Address | 209 Concord St |
| City and County | Vallejo, Solano |
| State and Zip Code | CA, 94591 |
| Telephone Number | 415-424-3295 |
| E-mail Address | anthonymendoza1981@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

Defendant No. 1

| | |
|---|---|
| Name | High Performance Capital Inc. |
| Job or Title *(if known)* | |
| Street Address | 34 Executive Park #180 |
| City and County | Irvine, Orange |
| State and Zip Code | CA, 92614 |
| Telephone Number | (949)-333-6560 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Ramon Garcia |
| Job or Title *(if known)* | Collection Representative |
| Street Address | 34 Executive Park #180 |
| City and County | Irvine, Orange |
| State and Zip Code | CA, 92614 |
| Telephone Number | (877)-296-2829 x6604 |
| E-mail Address *(if known)* | Rgarcia@hpcapital.net |

Defendant No. 3

| | |
|---|---|
| Name | Yadira Abrego |
| Job or Title *(if known)* | Loan representative |
| Street Address | 34 Executive Park #180 |
| City and County | Irvine, Orange |
| State and Zip Code | CA, 92614 |
| Telephone Number | (949)-333-6560 x6582 |
| E-mail Address *(if known)* | Yabrego@hpcapital.net |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question        [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
 Title 15 USC 1692 referred as "Fair Debt Collection Practices Act"

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

    and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

        Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

1.) $1,000.00 - Actual Damages +
2.) $30,000.00 - Punitive Damages +
3.) Court Fees + Attorney Fees

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

- See Attatchment #1    pages 1-3

B.    What date and approximate time did the events giving rise to your claim(s) occur?

- See Attatchment #2    pages 1-3

III. Statement of Claim

A.) Claim #1.) Defendant(s) #2, Ramon Garcia, and Defendant #3, Yanira Abrego acting on behalf of Defendant #1, High Performance Capital Inc. contacted Plaintiff, Anthony Mendoza, via telephone, along with Plaintiff's family members, Sue McAllister, & Michael Carr, 3-5 times a day in efforts to collect a debt. Including calling from blocked/unknown phone numbers in hopes to deceive the Plaintiff, along with the Plaintiff's family members with the intent to harass/annoy. In doing such action, the Defendant(s) violate Title 15 USC 1692b § 804(3) & 1692d § 806.

Claim #2.) Def. #2, Ramon Garcia, and Def. #3, Yanira Abrego acting on behalf of Def. #1, High Performance Capital Inc. contacted the Plaintiff's, Anthony Mendoza family members,

Sue McAllister & Michael Carr, via telephone, on at-least (2) different occasions to inform both family members of the Plaintiff, that the Plaintiff was in debt, and owed a past month payment. Violating Title 15 USC 1692b § 804(2)(3)

Claim #3.) Def. #2, Ramon Garcia, and Def. #3, Yanira Abrego, acting on behalf of Def. #1 High Performance Capital Inc. contacted the Plaintiff, Anthony Mendoza, as well as, the Plaintiff's family members, Sue McAllister & Michael Carr, via telephone to inform them, that if payment of debt was not recieved, the Def. #1 would take legal actions and repossession of Plaintiff's asset would be enforced. Violating Title 15 1692e § 807(2A)(4)

Claim #4.) Def. #1, High Performance Capital Inc., assessed & collected a fee from the Plaintiff, Anthony Mendoza, associated with the delinquency/collection of the debt that was not part of any agreement/contract of debt agreed upon by both Plaintiff & Defendant(s). Violating Title 15 USC 1692f § 808(1)(6).

Claim #5.) Def. #1, High Performance Capital Inc., has failed to provide a written notice of debt within 5 days of initial communication with the Plaintiff in connection with collection of any debt. Violating Title 15 USC 1692g § 809(a).

III. STATEMENT OF CLAIM

B.

Claim #1.) Def. #2, Ramon Garcia, and Def. #3, Yadira Abrego, acting on be-half of Def. #1, High Performance Capital Inc., began the intentional harassment of not only the Plaintiff, Anthony Mendoza, but his family members, Sue McAllister & Michael Carr, as well. The Defendant(s) initiated contact with Plaintiff and Plaintiff's family members on/around the day of April 25th 2016 @ approx. 9 a.m., via telephone 3-5 times a day, Mon.-Fri., until June 21st 2016.

Claim #2.) Def. #3, Yadira Abrego, acting on be-half Def. #1, High Performance Capital Inc., informed the Plaintiff's, Anthony Mendoza, family members, Sue McAllister & Michael Carr the status of the Plaintiff's debt, along

with the amount owed as of on/around April 25-th 2016. Then again, on/around May 30th 2016, Def. #2, Ramon Garcia, contacted Plaintiff's family members, Sue McAllister & Michael Carr, to inform them of new status of Plaintiff's debt, as well as, the new amount owed by the Plaintiff. Without consent from the Plaintiff, Anthony Mendoza, to release/disclose such information to anyone.

Claim #3.) Def. #3, Yasira Abrego, on/around May 16th 2016 @ approx. 9:30 a.m. made contact with the Plaintiff's, Anthony Mendoza, family member, Sue McAllister, to inform her if payment wasn't recieved towards Plaintiff's debt, legal action would be taken, leading to repossesion of Plaintiff's asset.

Then again, on/around Def. #2 Ramon Garcia, contacted Plaintiff's family member, Sue McAllister, to affirm non-payment of Plaintiff's debt would lead to legal action, and repossession of asset.

Claim #4.) On/around February 1st 2016, Def #1, High Performance Capital Inc., assessed and collected a fee toward collection of debt from the Plaintiff

Claim #5.) Def. #1, High Performance Capital Inc., never delivered written notice of debt to the Plaintiff, Anthony Mendoza, on/by May 1st 2016. Which would be five days after initial contact with Plaintiff in attempts of collection.

C. **What are the facts underlying your claim(s)?** *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Starting the last week of April 2016 Defendants knowingly made numerous calls on daily basis to not only Plaintiff but family of Plaintiff, in such manner to harrass , threaten, disclose private Plaintiff information of debt without Plaintiff consent, in efforts to collect a debt owed and once the Plaintiff informed Defendants of violations they were comitting, via emails to the Defendants, the Defendants knowingly acted in retaliation attempting to reposes the asset that secured the debt without a notice a debt being produced to the Plaintiff. All of the listed claims can be verified by phone records,emails, and testimony of Plaintiffs family members at the courts request. Furthermore, the Defendants also implied fees associated with collection of debt with Plaintiff consent. Which can be shown on payment records. All in which is a direct violation of Federal Law title 15 USC 1692 referred to as " Fair Debt Collection Practices Act".

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Bases on the Defendants actions mentioned above, they have knowingly committed defamation of character towards the Plaintiff. Disclosing personal debt information not only to family members but possibly others that the Plaintiff is unaware of. Thus leading to a permanently damaged reputation and a scar on his character unmeasurable in dollar amount. Even worse, the Plaintiff is currently living in fear, as of today, due to the retaliation that the Defendants have taken in response to the email the Plaintiff sent on June 20th 2016, to the Defendants in regards to the violations being committed by them. They have attempted repossession of assets of the plaintiff and plan on continuing to due so according to Juan,a representative of the Defendants, as of September 22 2016. The Plaintiff is forced to worry if and when someone might attempt a another repossession of the asset causing a current stress level unhealthy to the Plaintiff each and every second of everyday.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The Plaintiff, Anthony Mendoza, prays the court order immediate injunctive relief on the actions the Defendants are currently committing in the unlawful attempts to reposes the asset used to secure the debt. The value of such asset is $13,100.00 which has been paid to the Defendants from the Plaintiff. Not to include the Defendants made void the only agreement of debt/contract between the two parties. Therefore being no such valid contract or agreement of debt exists and the Plaintiff is in possession of the asset. It seems just and fair that the court order the Defendants to cease their unlawful actions and surrender all legal documentation of ownership of the asset to the Plaintiff as soon as possible to insure no further attempts are made, giving relief to the Plaintiff. The Plaintiff also asks the court to order the Defendants pay $1,000.00 due to actual damages occurred in the attempt made by Defendants to reposes the asset. The Plaintiff, asks the court also order the Defendants to pay all attorney fees and <u>court costs associated with this complaint, to be determined by the court.</u>

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/27/2016

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Anthony Mendoza

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____